IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGROFRESH INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 18-1486 (MN) |
| ) | |
| HAZEL TECHNOLOGIES, INC., ) | JOINT PROPOSED REDACTED VERSION |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM ORDER

At Wilmington this 5th day of October, 2018:

On September 25, 2018, Plaintiff AgroFresh Inc. ("Plaintiff" or "AgroFresh") sued Defendant Hazel Technologies, Inc. ("Defendant" or "Hazel") for infringement of U.S. Patent Nos. 6,017,849 and 6,313,068 (collectively, "the Daly Patents"). D.I. 1. On that same day, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction. D.I. 3. On October 1, 2018, the court heard oral argument from both sides and ordered further briefing on Plaintiff's Motion.[1] After careful review of all materials submitted by the parties, IT IS HEREBY ORDERED that Plaintiff's motion (D.I. 3) is DENIED. Defendant's request for attorneys' fees (D.I. 16 at 20) is DENIED.

---

[1] The morning of October 5, 2018, Defendant filed a letter (D.I. 23) in response to Plaintiff's reply papers. Then, on the afternoon of the same day, Plaintiff filed a letter (D.I. 24) in response to Defendant's letter. Neither party obtained leave from the court to do so, and these submissions are in violation of Local Rule 7.1.2(b). The court will not consider these letters in ruling on the present motion.

1

I.  **Background**

Both parties manufacture and sell agricultural products for treating produce after it has been harvested. *See* D.I. 1 ¶ 1; D.I. 7 ¶ 9 ("Nselel Decl."); D.I. 17 ¶ 6 ("Mouat Decl.").[2] Two of Plaintiff's patents – the Daly Patents – are generally directed to the stabilization of 1-methylcyclopropene ("1-MCP") gas and the application of 1-MCP to plants to inhibit an ethylene response that can cause overripening. D.I. 6 ¶¶ 5, 6, 8–10 ("Zettler Decl."). Plaintiff offers a post-harvest treatment under the name SmartFresh™, whereby 1-MCP gas is liberated in an enclosed space to coat the produce and slow the ripening process during storage. Zettler Decl. ¶ 9. Plaintiff's SmartFresh™ treatments "rely on" the technology of the Daly Patents. *Id.* ¶ 10.

Washington state apple growers and distributors are one market for 1-MCP post-harvest treatment, including for Plaintiff's SmartFresh™ treatment. Zettler Decl. ¶ 10; Nselel Decl. ¶ 8. The Washington apple season generally runs from August through October. D.I. 14 ¶ 4 ("Suppl. Nselel Decl."). Plaintiff asserts that, prior to Defendant's entry into this market, SmartFresh™ was the only commercial product available for post-harvest treatment of apples to slow the ripening process. D.I. 4 at 4; *see also* Suppl. Nselel Decl. ¶ 7.

On June 25, 2018, Defendant submitted an application to the Environmental Protection Agency ("EPA"), seeking approval to use its Hazel™ CA product nationwide.[3] Mouat Decl. ¶ 19; *see also* D.I. 5, Ex. E. Hazel™ CA is an "ethylene inhibitor" that contains 1-MCP, which can be released into "controlled atmosphere storerooms" to regulate "post-harvest plant growth." D.I. 5,

---

[2]   The Complaint is not verified, but Plaintiff submitted several declarations of AgroFresh employees in support of its motion. *See* D.I. 6, 7, 14 & 21. Defendant submitted a declaration of a Hazel employee in opposition. *See* D.I. 17.

[3]   This application has not been approved by the EPA (Mouat Decl. ¶ 19), and there is no evidence that Defendant has sold any of the Hazel™ CA product pursuant to this application.

2

Ex. E at 1. On August 7, 2018, Defendant received a Special Local Need Label ("SLN Label") from the state of Washington, which permitted post-harvest use of the Hazel™ CA product on apples stored in "controlled atmosphere" rooms in four counties in Washington. Mouat Decl. ¶ 23; *see also id.* ¶¶ 15, 21. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Although Defendant's SLN Label originally permitted this post-harvest use of Hazel™ CA through the end of November (*id.* ¶ 23), Defendant sought to revise the SLN Label by at least September 12, 2018 (*id.* ¶ 27). Defendant explains that it revised the SLN Label in response to Plaintiff's attempt "to induce the [Washington State Department of Agriculture] to withdraw the SLN Label for Hazel CA." *Id.* ¶ 27; *see also* D.I. 21, Ex. M (Plaintiff's request for revocation of the original SLN Label). The revised SLN Label, which has been granted, only permits post-harvest use of Hazel™ CA through October 12, 2018. Mouat Decl. ¶ 27; *see also id.* at Ex. 2.

As with the original SLN Label, the revised SLN Label only permits Defendant to sell Hazel™ CA in four counties in Washington state. *See* Mouat Decl., Exs. 1 & 2 (document header specifies counties). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendant estimates that there are at least 100 entities in the Washington apple market that could serve as "pilot cooperators" (or potential customers of Plaintiff). *Id.* ¶ 29. Further, Defendant's CEO represents that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

It is undisputed that the Daly Patents expired on August 20, 2018. Zettler Decl. ¶ 11; *see also* D.I. 16 at 1. Plaintiff asserts that use or sale of the Hazel™ CA product prior to their expiration constitutes infringement of the Daly Patents. D.I. 1 ¶¶ 27, 33. Plaintiff further contends that Defendant would not have received the SLN Label but for infringing the Daly Patents through testing to support the application for the SLN Label. *Id.* ¶ 14. Plaintiff seeks to restrain and enjoin Defendant from using and selling its Hazel™ CA product under the SLN Label, which is now set to expire on October 12, 2018. *See* D.I. 3; *see also* D.I. 4 at 16.

## II. Legal Standard

Preliminary injunctive relief is an "extraordinary" remedy appropriate only in "limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *see also Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) ("[A] preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted."). A preliminary injunction (or temporary restraining order)[4] may be granted only if the moving party shows (1) a likelihood of success on the merits, (2) irreparable harm if an injunction is not granted, (3) the balance of equities tips in favor of the moving party and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Osorio-Martinez v. Attorney Gen. United States of Am.*, 893 F.3d 153, 178 (3d Cir. 2018); *Altana Pharma AG v. Teva Pharm. USA, Inc.*, 566 F.3d 999, 1005 (Fed. Cir. 2009). The court cannot grant a preliminary injunction unless the moving party establishes ***both*** a likelihood of success on the merits and the existence of irreparable harm without the injunctive relief. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

---

[4] A request for a temporary restraining order is subject to the same standard as a request for a preliminary injunction. *See Intercept Pharm., Inc. v. Fiorucci*, No. 14-1313-RGA, 2016 WL 6609201, at *1 (D. Del. Jan. 28, 2016).

4

### III. Discussion

Plaintiff appears to seek injunctive relief only under 35 U.S.C. § 283 based on allegations of patent infringement. *See, e.g.*, D.I. 1 ¶¶ 31 & 37. The asserted Daly Patents, however, expired on August 20, 2018 – more than a month before Plaintiff filed this action and the present motion. *Id.* at ¶ 12; *see also* D.I. 6 at ¶ 11. Plaintiff is not entitled to injunctive relief under § 283 for patents that are expired. *See, e.g.*, *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("[A] district court cannot enjoin [a party] from infringing an expired patent."); *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("[W]hen the rights secured by a patent are no longer protectable by virtue of expiration or unenforceability, entitlement to injunctive relief becomes moot because such relief is no longer available."). To the extent that Plaintiff is seeking a preliminary injunction based on another equitable theory, the court finds that Plaintiff has failed to make a clear showing of irreparable harm such that it is entitled to this extraordinary remedy.

#### 1. Plaintiff Has Not Shown Irreparable Harm

"A party seeking a preliminary injunction must establish that it is likely to suffer irreparable harm if the preliminary injunction is not granted and there is a causal nexus between the alleged infringement and the alleged harm." *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017). The moving party must demonstrate that the irreparable harm is immediate and not merely a possibility that may occur at some point in the future. *See Winter*, 555 U.S. at 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction . . . . Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy . . . ." (emphasis in original)).

5

Further, the moving party must make a "clear showing" of the risk of irreparable harm to obtain the injunctive relief. *See Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012).

Plaintiff argues that it will be irreparably harmed if the court does not enjoin Defendant from selling Hazel™ CA under the SLN Label through its permitted term. *See* D.I. 4 at 10, 16; D.I. 20 at 7–8. In support, Plaintiff argues that it was the sole provider of 1-MCP treating products for controlled atmosphere rooms prior to Hazel™ CA entering the market. D.I. 4 at 10. Plaintiff claims that, absent an injunction, it "will be forced to unfairly compete against Hazel" and that competition "will cause irreparable damage to [Plaintiff's] prices, reputation and customer relationships." *Id.* Plaintiff also argues that it has lost customers to the "lower-priced" Hazel™ CA (*id.* at 10), an assertion that also appears in its employee's declarations (Nselel Decl. ¶ 12; Suppl. Nselel Decl. ¶ 10). In Plaintiff's view, that the SLN Label now expires October 12, 2018 increases the likelihood of irreparable harm because Defendant "has an incentive to sell its existing Hazel® CA at dramatically reduced prices, even free, to maximize its financial return and its penetration into SmartFresh's™ market." D.I. 20 at 7; *see also* D.I. 21 ¶¶ 8–10 ("Second Suppl. Nselel Decl."). According to Plaintiff, "[i]f Hazel engages in such a fire-sale approach over the next eight days and succeeds in taking customers away from AgroFresh, the harm to AgroFresh will not only exist immediately, but will extend into next year . . . ." D.I. 20 at 8; *see also* Second Suppl. Nselel Decl. ¶ 10.

Defendant argues that Plaintiff has failed to offer any evidence of actual price erosion or damage to Plaintiff's reputation or customer relationships because of having to compete with Hazel™ CA through the remainder of the SLN Label term. D.I. 16 at 17. Defendant points to the fact that Plaintiff does not identify any customers that have switched from Plaintiff's SmartFresh™ product to Hazel™ CA, nor does Plaintiff show that any price erosion has occurred despite Hazel

6

already being in the Washington apple market. *Id.* According to Defendant, Plaintiff has "offered zero evidence of irreparable harm." *Id.*

The court finds that Plaintiff has not shown it is likely to suffer immediate irreparable harm absent a preliminary injunction. Plaintiff has merely articulated theories about harm that could – potentially – result from Defendant's entry into the 2018 Washington apple market. Plaintiff does not, however, offer any evidence to support those theories. For example, Plaintiff claims that it has lost customers to the "lower-priced" Hazel™ CA (D.I. 4 at 10), but it does not indicate how many of such customers it has lost other than one unnamed entity (D.I. 20 at 3).[5] Plaintiff also does not offer any evidence on the price of Hazel™ CA as compared to its own SmartFresh™ product or how the price of SmartFresh™ has changed in response to Defendant's price (if at all). Similarly, Plaintiff has not pointed to anything to support the assertion that Plaintiff's reputation will be irreparably damaged if Defendant remains on the market for the remainder of the SLN Label term. Plaintiff's declarations simply offer conclusory statements that customers have been (or will be) lost or that price erosion will occur, but with no additional detail or supporting data. *See, e.g.*, Nselel Decl. ¶ 12; Suppl. Nselel Decl. ¶ 10; Second Suppl. Nselel Decl. ¶¶ 9–10. The court also finds it noteworthy that some of Plaintiff's claims as to irreparable harm are phrased conditionally, further evidencing the fact that there is no immediate irreparable harm in the absence of an injunction. *See, e.g.*, D.I. 20 at 8 ("*If* Hazel engages in such a fire-sale approach . . . *and succeeds* in taking customers away . . . ." (emphases added)). Plaintiff simply has not made the requisite "clear showing" that it is likely to be irreparably harmed if Defendant remains on the market for the next seven days.

---

5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### 2.     **Plaintiff Delayed in Bringing the Present Action and Motion**

Plaintiff did not file this action or the present motion until September 25, 2018, more than a month after Defendant began treating apples with its Hazel™ CA product pursuant to the SLN Label, and more than a month after Plaintiff's Daly Patents expired. "[D]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995); *see also Apple*, 678 F.3d at 1325 (noting that delay in bringing suit and seeking preliminary injunction may negate a finding of irreparable harm). Plaintiff argues that it did not delay because it had to use the Freedom of Information Act ("FOIA") process to obtain documents about the Hazel™ CA product and had to analyze "the infringing product's nature the best it could." D.I. 20 at 2.

The court is not persuaded by Plaintiff's explanation for the delay. Notably, on September 7, 2018, Plaintiff attempted to convince Washington to withdraw Defendant's original SLN Label. Mouat Decl. ¶ 27; *see also* D.I. 21, Ex. M. As a result, on or before September 12, 2018, Defendant requested a revised SLN Label that would permit use of Hazel™ CA only through October 12, 2018. Mouat Decl. ¶ 27. Based on this undisputed evidence, the court finds that Plaintiff could have brought the present lawsuit (and motion) at least as of September 7, 2018.[6] Yet Plaintiff waited until September 25, 2018 to do so. Although an 18-day delay may not seem like much, given the extremely short three-month duration of the Washington apple season, Plaintiff's delay here is not insignificant in context. This delay tends to further weigh against a finding of immediate irreparable harm, albeit only slightly.

---

[6]     This conclusion is further supported by Plaintiff's assertion that it requested withdrawal of Defendant's SLN Label "to avoid litigation." D.I. 20 at 4.

### 3. The Remaining Factors

Because Plaintiff has failed to establish that it would suffer irreparable harm without injunctive relief, the court need not reach the remaining factors in the four-part analysis.[7] *See, e.g., Jack Guttman, Inc. v. Kopykake Enterprises, Inc.*, 302 F.3d 1352, 1356 (Fed. Cir. 2002) ("[A] trial court may . . . deny a motion based on a patentee's failure to show any one of the four factors – especially either of the first two – without analyzing the others."); *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973–74 (Fed. Cir. 1996) ("[A] trial court need not make findings concerning the third and fourth factors if the moving party fails to establish either of the first two factors."). The absence of irreparable harm is alone a sufficient basis to deny Plaintiff's request for a temporary restraining order and preliminary injunction. *See, e.g., Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, No. 15-819-LPS-CJB, 2016 WL 4770244, at *7 (D. Del. Aug. 12, 2016) ("In light of the court's conclusion below that Plaintiffs have not sufficiently demonstrated [irreparable harm], no injunction could issue. And so, an assessment of Plaintiffs' likelihood of success on the merits is not required for purposes of resolving the Motion."); *Chestnut Hill Sound Inc. v. Apple Inc.*, No. 15-261-RGA, 2015 WL 6870037, at *2 (D. Del. Nov. 6, 2015) ("Because I find, however, that CHS has not shown that it will suffer irreparable harm if a preliminary injunction is not

---

[7] Although it is unnecessary to address the likelihood of success on the merits, the court largely agrees with Defendant that Plaintiff has made an insufficient showing as to infringement. Plaintiff's evidence of infringement is based on a product that Plaintiff "reasonably believes" has the same chemical composition and mechanisms as Hazel™ CA. Zettler Decl. ¶ 12. Plaintiff does not identify what that product is, the testing that was conducted or what the results of that testing were ▬▬▬▬▬▬▬▬▬▬▬▬ Second Suppl. Nselel Decl. ¶ 11. Nonetheless, Plaintiff uses this other product to argue that Hazel™ CA infringes the Daly Patents. *See* D.I. 3 at 7–8 (citing Zettler Declaration). Despite Plaintiff's arguments in reply (D.I. 20 at 6), the court does not believe there is sufficient evidence based on the current record to connect the two Hazel products such that the unnamed product can support infringement allegations as to Hazel™ CA.

9

granted, an assessment of CHS's likelihood of success on the merits is not necessary to the adjudication of CHS's motion.").

As this Order has been filed UNDER SEAL, the parties shall, no later than October 12, 2018, submit a proposed redacted version of this SEALED Memorandum Order.

*[signature]*
The Honorable Maryellen Noreika
United States District Judge