IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGROFRESH INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1486 (MN) |
| | ) |
| HAZEL TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Chad S.C. Stover, BARNES & THORNBURG LLP, Wilmington, DE; Robert D. MacGill, Joseph T. Wendt, Jessica M. Lindemann, BARNES & THORNBURG LLP, Indianapolis, IN – attorneys for Plaintiff

Karen E. Keller, David M. Fry, Nathan R. Hoeschen, SHAW KELLER LLP, Wilmington, DE; Michael N. Rader, WOLF, GREENFIELD & SACKS, P.C., New York, NY; Chelsea A. Loughran, WOLF, GREENFIELD & SACKS, P.C., Boston, MA Lance Yang, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Los Angeles, CA – attorneys for Defendant

April 25, 2019
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**:

Presently before the Court is Defendant Hazel Technologies, Inc's ("Defendant" or "Hazel") motion to dismiss with prejudice (D.I. 38) the Complaint (D.I. 1) for failure to state a claim on the grounds that Plaintiff AgroFresh, Inc. ("Plaintiff" or "AgroFresh") does not "provide any factual basis stating a plausible claim for infringement and merely parrots the language of the asserted patent claims" (D.I. 39 at 1). For the reasons set forth below, the Court DENIES Defendant's motion.

## I. BACKGROUND

On September 25, 2018, AgroFresh filed the present action, alleging that Defendant infringed claims of U.S. Patent Nos. 6,017,849 ("the '849 Patent") and 6,313,068 ("the '068 Patent") (collectively, "the Asserted Patents") through its research, development and sale of a product called Hazel CA.[1] (*See* D.I. 1). Specifically, the Complaint alleges direct infringement of the Asserted Patents as follows:

> 27. Hazel, in violation of 35 U.S.C. § 271(a), has directly infringed at least claims 1 and 6 of the Daly 1 Patent, literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing, at a minimum, the Hazel® CA product in the United States.
>
> 28. The Hazel® CA product infringes the asserted claims of the Daly 1 Patent because the Hazel® CA product is comprised of a complex formed from a molecular encapsulation agent and a compound, 1-MCP, having the structure shown in claim 1. The Hazel® CA product meets the limitations of claim 6 at least because it is comprised of a complex formed from a molecular encapsulation agent and methylcyclopropene.

\*   \*   \*

---

[1] The Asserted Patents expired on August 20, 2018. (D.I. 1 ¶ 2). The Asserted Patents are sometimes referred to together as "the Daly Patents," and individually as "the Daly 1 Patent" for the '849 Patent and as "the Daly 2 Patent" for the '068 Patent.

1

> 33. Hazel, in violation of 35 U.S.C. § 271(a), has directly infringed at least claim 1 of the Daly 2 Patent, literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing, at a minimum, Hazel® CA in the United States.
>
> 34. The Hazel® CA product infringes the asserted claims of the Daly 2 Patent because the Hazel® CA product is comprised of a complex formed from a molecular encapsulation agent and a compound, 1-MCP, having the structure shown in claim 1.

(D.I. 1 ¶¶ 27-28, 33-34).

## II. LEGAL STANDARDS

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). "[A] court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)). Nor is the Court required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See TriPlay, Inc. v. WhatsApp Inc.*, No. 13-1703-LPS-CJB, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to

allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.

## III. DISCUSSION

Liability for direct infringement arises under 35 U.S.C. § 271(a) when a party, without authorization, "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." To state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s). *See TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, No. 17-965 (LPS)(CJB), 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018). There is, however, "no requirement for [a plaintiff] to prove its case at the pleading stage . . . . Our precedent requires that a complaint place the alleged infringer on notice of what activity . . . is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citations and quotations omitted).

Last year, in *Disc Disease*, the Federal Circuit provided guidance on pleading infringement under the *Iqbal/Twombly* pleading standard. *See generally Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018). In *Disc Disease*, the district court dismissed plaintiff's claims of direct infringement because plaintiff failed to explain how defendants' products infringed any asserted claim and instead alleged generally that certain of defendants' products met each and every element of at least one claim of plaintiff's patents. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, No. 15-188 (LJA), 2016 WL 6561566, at *3 (M.D. Ga. Nov. 2, 2016). The Federal Circuit, however, reversed, finding that the plaintiff's allegations were sufficient under the plausibility standard of *Iqbal/Twombly* because the complaint specifically identified the three accused products and alleged that the accused products met "each and every element of at least one claim" of the

3

asserted patents, either literally or equivalently. *Disc Disease*, 888 F.3d at 1260. Following *Disc Disease*, another court in this District similarly found that a plaintiff plausibly pleaded an infringement claim where the complaint specifically identified the infringing product and alleged "that it practices each limitation of at least one claim in" the relevant patents. *Promos Tech., Inc. v. Samsung Elec. Co.*, No. 18-307-RGA, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018).

Here, AgroFresh's Complaint identifies Defendant's accused product, Hazel CA, and the specific claims in the Daly 1 Patent (claims 1 and 6) and Daly 2 Patent (claim 1) that Defendant allegedly infringes, and the Complaint also states how Hazel CA purportedly infringes those claims. (*See, e.g.*, D.I. 1 ¶¶ 27-28, 33-34). The Complaint alleges that Hazel CA meets the "molecular encapsulation agent" claim limitation either literally or under the doctrine of equivalents, and it also alleges that Hazel CA meets the other limitations of the asserted claims. Pursuant to the Federal Circuit's decision in *Disc Disease*, and similar to the conclusion reached in *Promos Technologies*, this Court finds that these factual allegations state a plausible claim of direct infringement and are sufficient to put Defendant on notice of AgroFresh's claims against it. Thus, Defendant's motion to dismiss will be denied.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss (D.I. 38) is DENIED. An appropriate order will follow.

4