# BARNES & THORNBURG LLP

1000 N. West Street, Suite 1500
Wilmington, Delaware 19801
(302) 300-3434
Fax (302) 300-3456

Chad S.C. Stover.
(302) 300-3474
Email:  chad.stover@btlaw.com

**VIA CM/ECF and HAND DELIVERY**

The Honorable Jennifer L. Hall
United State District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3570

February 14, 2020

    Re:  *AgroFresh Inc. v. Hazel & Decco,* C.A. No. 18-1486-MN-JLH

Dear Judge Hall:

  AgroFresh regretfully must bring another motion to this Court regarding Decco's refusal to allow discovery.  This matter is before Your Honor on "AgroFresh and Hazel's joint motion for relief regarding requests for production."  D.I. 156.  Specifically, Decco has refused to produce a substantial number of documents and has refused to authorize AgroFresh to produce many of the trial exhibits from the related 16-662-MN action in this case.[1]

  The documents produced by Decco and AgroFresh in the related 16-662-MN case tried to a jury in October of last year (the "AgroFresh Documents" and the "Decco Documents") paint a complete picture of much of the conduct underlying this suit.  As do the trial exhibits from that suit (the "Trial Exhibits").  Together, the AgroFresh Documents, the Decco Documents, and the Trial Exhibits (the "Subject Documents") contain information critical to resolving this dispute, such as information necessary for a complete damages analysis or defense.  Recognizing this, AgroFresh has produced the AgroFresh Documents to both Hazel and Decco in this matter.[2] Decco refuses to produce the Decco Documents. As for the Trial Exhibits, Decco refuses to permit AgroFresh to produce them, and AgroFresh cannot do so without permission because Decco marked information in those exhibits confidential under the protective order in 16-662.

  Decco realized that its "all or nothing" position (one that it has held for the last three months of meet-and-confers) was untenable.  So Decco recently, i.e., fewer than four hours before this filing, revealed to AgroFresh that it is implementing a "relevance screen" with respect to the hundreds of thousands of pages at issue here.  Decco refuses to disclose even the most basic details about the parameters of this "screen."  Allowing a review of this importance to take

---

[1] The Joint Motion at D.I. 156 requests relief on four categories of documents: "(1) the produced documents in related C.A. 16-662-MN; (2) the expert reports in related C.A. 16-662-MN; (3) the deposition transcripts and marked deposition exhibits in related C.A. 16-662-MN; and (4) the marked trial exhibits and any demonstratives, to the extent available, from related C.A. No. 16-662-MN."  However, AgroFresh believes that categories (2) and (3) are subsumed within category (4), the trial exhibits, so this letter does not separately address (2) and (3).

[2] To date, AgroFresh has produced **592,913 pages** of documents in this matter, including the AgroFresh Documents.  AgroFresh's discovery vendor informs AgroFresh that AgroFresh's next document production will contain approximately **10,000 pages** of additional documents.

The Honorable Jennifer L. Hall
February 14, 2020
Page 2

place in a "black box" stands contrary to the intent of the Federal Rules and runs against this Court's ESI default standard.[3]

The Court should once again reject Decco's unilateral and arbitrary rules of discovery and should order Decco to produce the Decco Documents and to allow the production of the Trial Exhibits.

**The Subject Documents Contain Information Relevant to this Dispute.** AgroFresh has requested Decco to produce the Decco Documents, and Hazel has requested AgroFresh to produce the remaining Subject Documents. Exhibit A at 4–5; Exhibit B at 8. AgroFresh has complied by producing the AgroFresh Documents. Exhibit H. Decco has refused to produce the Decco Documents or to allow the production of the Trial Exhibits. Exhibit C at 8.

The Subject Documents were produced in C.A. No. 16-662, a suit that includes two parties to this litigation, Decco and AgroFresh. Both the present case and C.A. No. 16-662 involve allegations of infringement of the same two patents: the '849 patent, *see* C.A. 16-662, D.I. 415, at 33; D.I. 1 at 8, and the '068 patent, *see* C.A. 16-662, D.I. 415, at 36; D.I. 1 at 9.

The jury in C.A. 16-662-MN found that Decco willfully infringed the '849 patent by selling the TruPick product. C.A. 16-662-MN, D.I. 578 at 6. After Decco stopped selling the TruPick product during the 16-662-MN case, Decco began selling the Hazel product, giving rise to the instant suit. Decco's overarching plot to willfully infringe upon AgroFresh's intellectual property is extremely broad, and therefore it is no surprise that the relevant documents from both cases overlap extensively.

For instance, twenty-one of Decco's Requests for Production in this case are substantively **identical** to those Decco issued in C.A. 16-662-MN—they request **exactly** the same documents from AgroFresh and are wholly duplicative. Exhibit F (chart comparing Decco's RFPs). Thus, Decco, through its conduct, has admitted that the Subject Documents contain information relevant to this dispute.

Decco once again wants something—the AgroFresh Documents, requested in both cases, *see* Exhibit F—but refuses to give anything in return. Decco's refusal to equitably and reciprocally engage in discovery severely prejudices both AgroFresh and Hazel. In short, Decco has once again unilaterally decided that it will not produce discovery.

The prejudice to Hazel is particularly acute. Both Decco and AgroFresh already have the Subject Documents. They are undoubtedly relevant, in large part, to the instant dispute. But Decco has embargoed the Decco Documents from Hazel. Hazel therefore must litigate this case at an information disadvantage.

For example, the data underlying the expert work of the price-erosion damages experts in C.A. No. 16-662-MN comes from the Decco Documents, and AgroFresh will be seeking price erosion damages in this matter as well. Hazel's Chief Intellectual Property Officer, Ms. Garber, sat through the trial in C.A. No. 16-662-MN and heard the testimony of both price erosion experts. But, given Decco's embargo on the Decco Documents, Hazel's counsel—despite

---

[3] *See, e.g.*, https://www.ded.uscourts.gov/default-standard-discovery.

BARNES&THORNBURGLLP

The Honorable Jennifer L. Hall
February 14, 2020
Page 3

knowing the testimony of these experts—has no ability to access the underlying data.[4]

Decco's requirement that the parties start the document-production process in this case from a blank canvas ignores reality, wastes resources, and stands contrary to the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court should order Decco to produce the Decco Documents at once.

**There Is No Prejudice to Decco in Producing Either the Subject Documents or the Trial Exhibits.** Any purported prejudice to Decco in producing the Decco Documents or the Trial Exhibits is, yet again, "merely hypothetical." *Cf.* Exhibit G at 17:19. Decco may argue about the differing Protective Orders in C.A. 16-662-MN, D.I. 17, and in this case, D.I. 61. But AgroFresh will stipulate that it will treat the Decco Documents and/or the Trial Exhibits according to the Protective Order in C.A. No. 16-662-MN, as it originally agreed to do in October 2016.[5]

Decco may also argue about the relevance of the Subject Documents. As explained *supra*, a significant number of the Subject Documents are relevant to this dispute. With respect to the remainder, AgroFresh has produced the AgroFresh Documents subject to the understanding that merely producing the documents does not waive any relevance objections in the instant dispute. Exhibit H at 1. AgroFresh would expect Decco to make its production subject to the same understanding.

Contrastingly, the prejudice to the parties in sifting through the hundreds of thousands of pages of the Subject Documents to excise purportedly irrelevant documents is immense and yields no benefit. The Subject Documents and the Trial Exhibits do not need a privilege review or a review for trade secrets—both Decco and AgroFresh performed such reviews as part of C.A. No. 16-662-MN, and the result was the Subject Documents. In other words, the Subject Documents and the Trial Exhibits contain only non-privileged information, and any trade secret information contained within them has been marked in accordance with the Protective Order.

In short, a complete production of the Subject Documents minimizes the prejudice to any party, especially Hazel, and results in no burden or prejudice to Decco. AgroFresh has provided its half of the Subject Documents. The Court should order Decco to do the same by promptly producing the Decco Documents, and it should permit AgroFresh to produce the Trial Exhibits.

---

[4] AgroFresh also is precluded from using the Decco Documents in this dispute by virtue of the Protective Order. C.A. No. 16-662-MN, D.I. 17. Thus, AgroFresh is also significantly prejudiced by Decco's refusal to produce the Decco Documents, including, but not limited to, in the preparation of its price erosion damages model.

[5] The most relevant difference between the two protective orders is that the order in C.A. 16-662-MN did not permit in-house counsel to view "Highly Confidential" documents, while the order in this case does. *Compare* C.A. No. 16-662-MN, D.I. 17, at 11–13, *with* D.I. 61 at 13. Hazel does not have in-house counsel. D.I. 61 at 13. With AgroFresh's stipulation that it will treat the Decco Documents as per C.A. 16-662-MN, D.I. 17, Decco suffers no prejudice with respect to the Protective Orders by producing the Decco Documents in this case.

BARNES&THORNBURGLLP

The Honorable Jennifer L. Hall
February 14, 2020
Page 4

Respectfully submitted,

Chad S.C. Stover (No. 4919)

Enclosure

cc: Counsel of Record (via CM/ECF)

DMS 16588847.1

BARNES&THORNBURGLLP